# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Alik Isaiah Collins (year of birth 1997) | ) ) ) ) ) | Case No. 24-MJ-650 |
| Defendant(s) | | |

**FILED**
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  May 3 to May 6, 2024  in the county of  Bernalillo  in the
_____ District of  NM and elsewhere , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1201(a)(1) and (g) | Kidnapping of a Minor |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Matthew Frye, FBI
_____
Printed name and title

Telephonically sworn and electronically signed.

Date: 05/06/2024

_____
Judge's signature

City and state: Albuquerque, New Mexico

Honorable Laura Fashing, U.S. Magistrate Judge
_____
Printed name and title

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Criminal No. 24-MJ-650 |
| ) | |
| **ALIK ISAIAH COLLINS**, ) | |
| ) | |
| Defendant. ) | |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Matthew Frye, being first duly sworn, hereby affirm and state:

**INTRODUCTION**

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since December 2022. I have investigated violent crime, specifically violations which involve an imminent threat to life. I have been assigned to the Albuquerque Division since 2022, where I have conducted investigations into cyberstalking and imminent violent threats involving an interstate nexus. My duties include, but are not limited to, the investigation and enforcement of criminal violations related to child abduction and interstate kidnapping in violation of 18 U.S.C. § 1201. I am a federal law enforcement officer who is engaged in enforcing criminal laws, including 18 U.S.C. § 1201. I am assigned to the FBI's investigation of Alik Isaiah Collins (hereinafter "Collins") which concerns murder, attempted murder, and the kidnapping of a child across state lines.

2. This affidavit is submitted for the limited purpose of establishing probable cause for the requested arrest warrant. The facts in this affidavit are based on my investigation, personal observations, training, and experience, as well as information provided to me by other

1

law enforcement personnel. Because this affidavit is limited in purpose, I am not including all facts known to law enforcement concerning this investigation.

## RELEVANT STATUTE

3.　This investigation concerns alleged violations of certain activities relating to 18 U.S.C. § 1201(a)(1), which makes it a criminal offense to unlawfully seize, confine, inveigle, decoy, kidnap, abduct, or carry away and hold for ransom or reward or otherwise any person, when "the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense." 18 U.S.C. § 1201(a)(1). Further, 18 U.S.C. § 1201(g) proscribes an enhanced penalty if the victim is a minor and the offender is not the parent, grandparent, brother, sister, aunt or uncle of the minor, or an individual with legal custody of the child.

## STATEMENT OF FACTS SUPPORTING PROBABLE CAUSE

4.　On May 3, 2024, at approximately 4:25pm, the bodies of deceased individuals Jane Doe 1 (adult female), and Jane Doe 2 (adult female) were located at Ned Houk Memorial Park at 700 C R 17, Clovis, New Mexico 88101. The women were found deceased with multiple gunshot wounds, with Jane Doe 2's body having evidence of being struck by a vehicle. Her body had wounds to her lower legs and abrasions on her back indicative of being struck/dragged by a vehicle.

5.　Also discovered at the scene was Jane Doe 2's five-year-old daughter, Minor 1, who had been wounded. Minor 1 was transported to the hospital for treatment. Missing from the scene was Jane Doe 2's 10-month-old daughter, Minor 2, who was believed to be in Jane Doe 2's custody at the time of the incident. Minor 2 was believed to be with Jane Doe 2 at the time of the

incident because surveillance footage from a Dollar General location located at 3901 North Prince St., Clovis, New Mexico showed Minor 2 with her mother at 2:48pm prior to the discovery of the murdered/injured victims on the same day. A baby bottle and baby stroller were recovered at the shooting scene at Ned Houk Memorial Park, but an extensive search of the area did not locate Minor 2.

6. Law enforcement located 9mm handgun casings at the scene as well as a vehicle sideview mirror cover from the driver's side of a Honda, maroon in color. Related to this incident, three witnesses stated they drove by Ned Houk Memorial Park between 3:00 and 4:00pm on May 3, 2024, and observed a maroon/red colored car at the park at a time approximated to be prior to the shooting. One of the witnesses saw the maroon/red car parked across from an older model van. It appeared to the witness that the drivers of the car and the van were communicating. The murdered victims were known to operate a minivan which was recovered at the crime scene and is consistent with the van described by the witnesses.

7. Video surveillance footage was collected from the McDonalds located at 3801 North Prince St. in Clovis, New Mexico, just miles from the park, which showed that a maroon Honda with Texas license plate TTK3358 had gone through the McDonalds drive-through lane on May 3, 2024, at 2:42pm.

8. At that time, the vehicle had damage to the passenger sideview mirror and an intact driver sideview mirror. Law enforcement learned that the vehicle was owned by a Texas man who had rented out his vehicle using HyreCar, a car rental website. The Texas car owner rented the vehicle to an individual named Alik Isaiah Collins. This surveillance video, therefore, placed the vehicle that Collins had rented in the vicinity of Ned Houk Memorial Park less than an hour before the murder/kidnapping.

9. The vehicle was equipped with a GPS monitoring system, which was activated. The GPS monitoring system showed the vehicle traveling from Houston, Texas, to Clovis, New Mexico. Prior to the incident on the afternoon of May 3, 2024, the vehicle exhibited normal driving patterns, maintaining reasonable speeds and traveling via highways. Based on the GPS data on the vehicle, the vehicle pinged at the park entrance on May 3, 2024, at approximately 3:29pm. GPS indicates the vehicle departed the park at approximately 3:38pm. The shooting incident, therefore, is estimated to have occurred at approximately 3:30pm. Following the incident, the GPS monitoring showed that the vehicle altered its travel patterns—the vehicle began traveling at sustained speeds of 70-96 mph while avoiding major highways as it drove east from Clovis.

10. Law enforcement learned that on May 3, 2024, at 10:52pm, according to the GPS, the vehicle had arrived at the residence located at 818 Harwell St., Abilene, Texas 79601. The distance between Clovis, New Mexico, and the Harwell address is approximately 270 miles, indicating the vehicle made the trip in approximately six hours, factoring in the time change. The vehicle continued to ping at the residence through May 5, 2024, at 7:43pm.

11. Although Collins rented the car through HyreCar, he failed to return the rental vehicle at the predesignated time. When law enforcement spoke with the vehicle owner, he reported that the vehicle was stolen. The vehicle owner had remotely disabled the vehicle after it had arrived at the Harwell address.

12. In connection with the rental, Collins provided his cell phone number as 346-265-1271, which is serviced by Verizon. Cell site data placed a device with this same phone number, 346-265-1271, in the vicinity of Ned Houk Memorial Park on the day and time of the murders. Commercial database searches also associate Collins with 346-265-1271. As described in more detail below, Collins also previously used this number to contact the FBI on October 10, 2023.

13. Because 10-month-old Minor 2 was missing from the scene, an exigent request was made to Verizon Wireless for cellular site tracking data for cell phone number 346-265-1271. The request provided historical cell site data which showed the cell phone in the vicinity of 818 Harwell St., Abilene, Texas 79601, on May 5, 2024, at approximately 6:00pm. Only historical cellular tracking data was available for the phone number as the phone had either been turned off or was out of a service area following this time.

## HISTORICAL REPORTING BY COLLINS

14. In September 2023, Collins contacted the FBI via telephone and reported that he wanted assistance from law enforcement with locating his daughter and made threatening statements. FBI contacted local law enforcement and stayed on the phone with Collins until a handoff was made to the Brazoria County Sheriff's Office, who brought Collins in for a mental health evaluation.

15. On October 10, 2023, Collins telephoned the FBI from phone number 346-265-1271 and reported that if law enforcement did not assist him with locating his missing five-year-old daughter, he would "start killing people and children." Collins stated that at one point he had kidnapped a woman and her son and then sent a picture of the kidnapped individuals to the FBI to pressure law enforcement to assist with locating his daughter. A second referral was made to local law enforcement who attempted contact with Collins but was unsuccessful.

16. An NICS alert was put in place to alert law enforcement if Collins attempted to purchase a firearm, additionally Collins was prohibited from purchasing firearms in Texas as result of his mental health evaluation. At time of the call in October, Collins was intoxicated and could not provide his child's true name but referred to her as "Rebecca." He could not provide the child's mother's name either. Two additional law enforcement interviews were conducted of Collins in

2023 during which he stated he did not possess weapons and that he did not intend to actually cause harm to anyone, but rather that he was using the statements to draw attention, so that he could obtain help locating his daughter.

## ARREST OF COLLINS

17. On May 5, 2024, and into May 6, 2024, law enforcement officers with the FBI and the Abilene Texas Police Department Narcotics Unit began conducting ground surveillance at the Harwell address in an effort to observe the vehicle and/or Collins. At that time, there was no known connection between Collins and the Harwell address. Initially, law enforcement did not locate the vehicle at the location. Due to the vehicle pinging at the residence, it was believed that that vehicle may be inside the garage. At approximately 1:15am on May 6, law enforcement observed a black male pushing the maroon Honda out of the garage and into the street. Law enforcement confirmed that there was damage to both side view mirrors on the vehicle, consistent with the McDonald's surveillance and sideview mirror cover located at the scene of the incident in Clovis.

18. During the early morning hours of May 6, 2024, while law enforcement was preparing to execute a search warrant at the residence, they observed an Uber driver operating a Cadillac SUV arrive on the street in front of the home. A black male, later determined to be Collins, exited the residence carrying a baby. He placed the baby on the rear passenger seat of the SUV and got into the front passenger seat. Collins then carjacked the Uber driver at gunpoint, forcing the driver to exit the vehicle, after which Collins drove away in the Cadillac with the child.

19. Law enforcement officers of the Abilene Police Department Narcotics Unit pursued and pinned the Cadillac, forcing it to a stop. The male driver was arrested and identified to be Collins. The baby was recovered safely and was identified as Minor 2. A Glock handgun loaded with 9mm ammunition was recovered from the front passenger floor of the vehicle. Collins is not

6

the parent, grandparent, brother, sister, aunt or uncle of Minor 2, nor does he have legal custody of Minor 2.

## CONCLUSION

20. Based on the information set forth above, I submit there is probable cause to support that, within the District of New Mexico, the District of Texas, and elsewhere, Alik Isaiah Collins kidnapped Minor 2 from Clovis, New Mexico, and transported her to Abilene, Texas, Therefore, I have probable cause to believe that Collins, unlawfully seized, confined, kidnapped, and abducted Minor 2, from Clovis and willfully transported her in interstate commerce, in violation of 18 U.S.C. § 1201(a)(1). I further have probable cause that Collins is not related to Minor 2 and did not have legal custody of her, in violation of 18 U.S.C. § 1201(g).

21. Assistant United States Attorney Sarah Mease has reviewed and approved this application.

22. I swear that this information is true and correct to the best of my knowledge.

Respectfully submitted,

Matthew Frye
Special Agent
Federal Bureau of Investigation

Subscribed electronically and sworn to me telephonically on
May 6, 2024:

HONORABLE LAURA FASHING
United States Magistrate Judge

7